IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JENNIFER LYNN FLORES,**

         **Plaintiff,**

   v.               CASE NO. 18-3185-SAC

**STATE OF KANSAS, et al.,**

         **Defendants.**

## ORDER OF DISMISSAL

  Plaintiff Jennifer Lynn Flores, a prisoner at the Topeka Correctional Facility in Topeka, Kansas, brings this civil rights action pursuant to 42 U.S.C. § 1983. Ms. Flores proceeds pro se and has filed a motion for leave to proceed in forma pauperis (ECF Doc. 2).

**I. Nature of the Matter before the Court**

  Plaintiff was convicted in the District Court of Lyon County, Kansas, in May 2018. Her direct appeal of that conviction is pending in the Kansas Court of Appeals.[1] Plaintiff filed this matter, along with a separate petition for habeas corpus (Case No. 18-3184-SAC), on the same day she filed her direct appeal.

  Plaintiff's Complaint here (ECF Doc. 1) and her habeas corpus petition are based on the same allegations. She claims that she should be immediately released from imprisonment because she was promised probation by her attorney; the plea agreement she signed was not explained to

---

[1] Appellate Case No. 119751, docketed July 30, 2018.

1

her by her attorney; she was lied to by her attorney; the journal entry and motion for downward dispositional departure were falsified; the state district judge was not impartial; and she and her unborn child have serious health concerns. Plaintiff names as defendants the State of Kansas; Jeremy Atkinson, the attorney appointed to defend her; and the Lyon County District Court.

## II. Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

Moreover, because, as discussed below, the Court construes Plaintiff's complaint as a habeas corpus petition, the Court has a duty to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

## III. Discussion

After reviewing Plaintiff's complaint with the standards set out above in mind, the Court finds that the complaint should be construed as a habeas corpus petition pursuant to 28 U.S.C. § 2254 and dismissed.

Plaintiff seeks release from imprisonment. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or

a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey,* 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief). Therefore, Plaintiff's claim is not cognizable in a § 1983 action. Given Plaintiff's pro se status, the Court liberally construes her claim as a habeas petition filed pursuant to § 2254.

The separate petition for habeas corpus Ms. Flores filed on the same day she filed this action, based on the same allegations as this action, was dismissed by the Court on August 3, 2018, for failure to exhaust state court remedies as required by the Antiterrorism and Effective Death Penalty Act (AEDPA). This case is subject to dismissal for the same reason.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). In the Tenth Circuit, a petitioner may satisfy the exhaustion requirement by showing either (1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or (2) "that at the time he filed his federal petition, he had no available state avenue of redress." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Bear v. Boone*, 173 F.3d 782, 785 (10th Cir. 1999) ("In order to fully exhaust state court remedies, a state's highest court must have had the opportunity to review the claim raised in the federal habeas petition.").

Therefore, to exhaust her state court remedies, Ms. Flores must complete her direct appeal, and, if she is not successful, she must seek review in the Kansas Supreme Court. Because she has

not yet exhausted these state remedies, the petition must be dismissed. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This dismissal will be entered without prejudice.

**IV. Motion for Leave to Proceed In Forma Pauperis (ECF Doc. 2)**

Ms. Flores's motion for leave to proceed in forma pauperis is granted. This matter shall be reclassified as a habeas corpus action and the $5.00 filing fee waived.

**IT IS THEREFORE ORDERED** this matter is **dismissed** without prejudice.

**IT IS FURTHER ORDERED** Petitioner's motion for leave to proceed in forma pauperis (ECF Doc. 2) is **granted.**

The Clerk of the Court is directed to reclassify this matter as a habeas corpus action and waive the $5.00 filing fee.

**IT IS SO ORDERED.**

DATED: This 11th day of September, 2018, at Topeka, Kansas.

*s/ Sam A. Crow*
**SAM A. CROW**
**U.S. Senior District Judge**